FILED
 2011 Apr-13 PM 12:40
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **CLAUDIA SMITH, et al,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) Case No.: 1:09-CV-2046-VEH |
| | ) |
| **INVESTORS MANAGEMENT,** | ) |
| **LLC d/b/a WESTERN SIZZLIN** | ) |
| **OXFORD,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OF DECISION

This is an action for breach of contract arising out of a baby shower that was held at the Western Sizzlin in Oxford, Alabama on September 13, 2008. After dismissing all federal claims and all state law claims other than breach of contract relating to the meals ordered by plaintiffs on that date (and dismissing one defendant and certain plaintiffs) at summary judgment, this court retained supplemental jurisdiction over the sole remaining (Alabama state-law) claim. Both parties waived trial by jury. The case was heard by the court, *ore tenus*, on April 11, 2011.

Pursuant to Rule 52, Fed.R.Civ.P., the Court now finds the facts specially and

states separately its conclusions of law thereon.[1]

## FINDINGS OF FACT

**A.  *The Parties.***

The plaintiffs whose claims proceeded to trial were Claudia Smith, LaCrysta Scott, Anitra S. Johnson, Shameka Tyus, LaKisha White, Vergena Richardson, Felecia Brown, Nichelle Smith, Jadi Montgomery, DeAnidra Burns, DeVion Smith, Keilynn Williams, Cierra Dobbins, and Temecha Boseman. The defendant remaining at trial was Investors Management, LLC d/b/a Western Sizzlin Oxford ("Investors Management").

**B.  *The Events of September 13, 2008.***

1. On September 13, 2008, a baby shower honoring Temecha Boseman was held at the Western Sizzlin in Oxford, Alabama.

2. The Western Sizzlin in Oxford, Alabama, was and is owned by Investors Management.

3. The shower was scheduled to last from 3 p.m. to 5 p.m.

4. The plaintiffs were shown by the hostess to Room 4, which is one of three rooms that can be reserved for private parties. Room 4 has the capacity to seat

---

[1] The court found all of the witnesses to be credible. There was no material dispute between the parties' testimony as to any issue necessary to the decision of this matter.

108 people.

5.      There are not many eight-tops[2] on the main dining floor. All parties with more than eight people in them are routinely placed in Room 4, if it is available. Room 4 also is the primary overflow room to seat customers when the main dining area becomes crowded.

6.      All of the plaintiffs ordered food. Some ordered the "all you can eat" buffet; others ordered from the menu. Many of the plaintiffs also ordered a beverage. The plaintiffs received the food and beverages they ordered.

7.      At approximately 4:30 p.m., in response to a phone call from the general manager of the Western Sizzlin Oxford, Kenneth Phillips, to the Oxford police department, two City of Oxford police officers came into Room 4 and told the plaintiffs to leave. Kenneth Phillips came into Room 4 behind the police officers.

8.      Once the police arrived, they took control and were not told by Kenneth Phillips what to do.

9.      The Oxford police officers told the plaintiffs that, if they did not leave, they would be arrested.

10.      The Oxford police officers told the plaintiffs that, if they did not pay their "full" tickets, they would be arrested.

---

[2] An "eight-top" is a table that can seat eight people.

11.     All of the tickets included a gratuity.

12.     All of the tickets were paid.

13.     All of the plaintiffs left, even though the party was not over. The plaintiffs had not finished eating when the Oxford police arrived.

14.     Many of the tickets had several plaintiffs together, for convenience in paying.

15.     On the date in question, the cost of the buffet was $8.99.

16.     Temecha Boseman's mother, Vergena Richardson, paid the ticket for Temecha Boseman, Temecha's daughter, Keilynn Williams, and herself. The total was $25 to $26.

17.     Temecha Boseman later reimbursed her mother, Vergena Richardson, $13 to $14, for herself and her daughter, Keilynn Williams.

18.     LaCrysta Scott paid between $8 and $9 for her meal.[3]

19.     LaKisha White paid between $8 and $9 for her meal.

20.     Claudia Smith had the buffet. Her daughter, Nichelle Smith, paid for Claudia Smith's meal.

21.     Vergena Richardson paid $25 to $26 for the ticket that included herself,

---

[3] LaCrysta Scott could not recall how much she paid, but she recalled that she had the buffet. LaKisha White testified that LaCrysta Scott paid the same amount (between $8 and $9) that LaKisha White paid.

Temecha Boseman, and Keilynn Williams. Temecha reimbursed her $13 to $14.

22. Nichelle Smith ordered sirloin tips off the menu. No one testified as to the amount paid by Nichelle Smith or as to the menu price for sirloin tips.

23. Felecia Brown had the buffet. She paid between $5 and $15.

24. Anitra Johnson paid for herself and for her son, DeVion Smith. They both had the buffet. She paid close to $20.

25. DeAnidra Burns paid $11 to $12.

26. Shameka Tyus paid $22 for herself and for her daughter.

27. Jadi Montgomery paid $13.

## CONCLUSIONS OF LAW

1. Each plaintiff had a contract with the defendant for a meal to be consumed on the premises.

"'The requisite elements of [a contract] include an offer and an acceptance, consideration, and mutual assent to terms essential to the formation of a contract." *Ex parte Grant,* 711 So. 2d 464, 465 (Ala. 1997)(citations omitted). A contract is formed when a customer places a food order in a restaurant and that order is accepted by the restaurant. *See Kinnon v. Arcoub, Gopman & Assocs.*, 490 F. 3d 886, 888 (11th Cir. 2007) (customer call to a restaurant to order pizza for delivery constituted verbal contract).

2. Investors Management breached the contract with each plaintiff by causing them to have to leave before they finished eating.

"The elements of a breach-of-contract claim under Alabama law are (1) a valid contract binding the parties; (2) the plaintiffs' performance under the contact; (3) the defendant's nonperformance; and (4) resulting damages." *Reynolds Metals Co. v. Hill*, 825 So. 2d 100, 105-106 (Ala. 2002), *citing State Farm Fire & Cas. Co. v. Slade,* 747 So. 2d 293, 303 (Ala. 1999).

3. The plaintiffs who suffered economic loss as a result of Investors Management's breach are entitled to be made whole.

"Under Alabama law, damages for breach of contract would return an injured party to the position they would have been in had the contract been fully performed." *Nobles v. Rural Cmty. Ins. Serv.*, 303 F. Supp. 2d 1292, 1301 (M.D. Ala. 2004)(citation omitted).

4. The plaintiffs who did not suffer economic loss as a result of Investors Management's breach are entitled to nominal damages.

"'Alabama law provides for nominal damages if a breach of contract is proven, even if a breach-of-contract plaintiff cannot prove actual damages.'" *Brooks v. Franklin Primary Health Ctr., Inc.*, 53 So. 3d 932, 936 (Ala. Civ. App., 2010), *quoting Jones v. Hamilton*, 53 So. 3d 134, 142 (Ala. Civ. App. 2010), *citing Knox*

*Kershaw, Inc. v. Kershaw*, 552 So.2d 126, 128 (Ala. 1989) ("It is well settled, however, that once a breach of contract has been established, as it was in this case, the nonbreaching party is entitled to nominal damages even if there was a failure of proof regarding actual damages.") (other citations omitted)).

    5.    Plaintiffs are also entitled to prejudgment interest from the date of the breach.

> Under Alabama law,
>
> All contracts, expressed or implied, for the payment of money, or other thing, or for the performance of any act or duty, bear interest from the day such money or thing, establishing it at its money value, should have been paid, or such act, estimating the composition therefore in money, performed.

§8-8-8, *Code of Alabama*, 1975, as amended.

Where no written contract controls the interest rate, "the legal rate of interest is 6%." *Burgess Mining & Constr. Corp. v. Lees*, 440 So.2d 321, 338 (Ala. 1983). Thus, under Ala. Code §8-8-8, each plaintiff is entitled to pre-judgment interest, at six per cent (6%), from September 13, 2008.

A separate Final Judgment Order will be entered accordingly.

**DONE** this the 13th day of April, 2011.

                                               */s/ VEHopkins*
                                         **VIRGINIA EMERSON HOPKINS**
                                         United States District Judge